**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000846
17-JUL-2026
07:54 AM
Dkt. 200 SO**

NO. CAAP-24-0000846

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEAN WESLEY POWELL, Plaintiff-Appellant, v.
CENTURY SQUARE/OWNER/MANAGEMENT, HAWAIIANA
(REAL ESTATE) MANAGEMENT COMPANY, LTD., ROMAN
CATHOLIC CHURCH/CORPORATION, FIRST INSURANCE (COMPANY)
OF HAWAII LTD., STATE OF HAWAII, Defendants-Appellees,
and
ALL JOHN DOES AND JANE DOES, ETC., Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-24-0000008)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

This appeal stems from a personal injury lawsuit brought by self-represented Plaintiff-Appellant Dean Wesley Powell (**Powell**) against Defendants-Appellees AOAO Century Square (**AOAO**), Hawaiiana Management Company, Limited (**Hawaiiana**), Roman Catholic Church in the State of Hawaii (**RCCH**), First Insurance Company of Hawaii, Ltd. (**FICOH**), and the State of Hawaiʻi.[1] Powell appeals from the *Amended Judgment* entered on June 10,

---

[1] Powell's January 2, 2024 hand-written complaint appeared to name Defendants "Century Square/Owner/Management"; "Hawaiiana (Real Estate) Management Company, Ltd."; "Roman Catholic Church/Corporation"; "First Insurance (Company) of Hawaii, Ltd." and "State of Hawaii." (Capitalization altered.) The case caption reflects these designations.

2026, in the Circuit Court of the First Circuit (**Circuit Court**).[2/] Powell also challenges the Circuit Court's October 17, 2024 *Order Granting Defendants AOAO . . ., Hawaiiana . . . , and [RCCH's] Motion for Summary Judgment on All Claims Filed on 08/20/24 [Dkt. 125 MSJ]* (**Order Granting MSJ**).

On January 2, 2024, Powell filed his complaint. He alleged that on January 4, 2022, he was injured when he tripped and fell on broken tiles (the **Incident**) in an area fronting the Century Square building at 1188 Bishop Street in Honolulu (the **Property**).

On February 27, 2024, FICOH filed a motion to dismiss the complaint as to FICOH for failure to state a claim against it. The motion was granted.

On August 20, 2024, AOAO, Hawaiiana, and RCCH (the **Moving Defendants**) filed a motion for summary judgment on all claims in the complaint (**MSJ**). The Moving Defendants argued that Powell's claims were refuted by video surveillance footage of the Incident that allegedly showed there were no broken tiles in the area of the Incident and that Powell fell for reasons unrelated to the condition of the Property. The Moving Defendants submitted a declaration by the general manager of the Property, Jared Umeno (**Umeno**), authenticating the video footage and several still images taken from the footage. Umeno also stated that he had inspected the area following the Incident, there were no broken tiles in the area of the Incident, and there was nothing that presented a tripping hazard, as allegedly confirmed by various photographs taken of the area.

On September 18, 2024, Powell filed a memorandum in opposition to the MSJ, as well as his own supporting declaration. In the declaration, Powell asserted that on the date of the Incident, "some of the tiles were so badly damaged that an area

---

[2/]    The Honorable John M. Tonaki presided.

Powell originally appealed from the Circuit Court's October 30, 2024 *Judgment*. On June 5, 2026, we temporarily remanded this matter to the Circuit Court for entry of an appealable judgment. On June 10, 2026, the Circuit Court entered the *Amended Judgment*, which perfected the appeal under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

was cordoned off where they had been removed, about 15 feet from where I fell . . . ." He challenged the Moving Defendants' video footage as follows:

> The video in Defendants' Exhibit "C" is from a security camera at least 20 to 50 feet off of the ground. The photos do not show any sufficient clear close ups to tell whether or not a tile or grout is uneven, broken, cracked or missing. Instead, the photos I took shortly after my fall show that there are many other tiles cracked, broken, worn, or uneven other than the specific cordoned area. (See Plaintiff's Exhibit "1")[.]

Powell also gave his account of the Incident, stating that on January 4, 2022, he tripped over damaged tiles as he approached the front entrance of the Property. He submitted an Exhibit 1 that purportedly contained "[his] photos" showing "numerous cracked, broken, or otherwise uneven tiles due to wear and tear, which should have been replaced or repaired . . . ."[3]

On October 1, 2024, the Circuit Court entered a minute order granting the MSJ and stating in relevant part:

> [Powell] claims that he was injured by tripping on broken tiles at the front entrance to the [Property]. However, video and photographic evidence presented by [the Moving] Defendants, as well as the declaration of Jared Umeno,. . . conclusively establishes that, on the date of this incident, there were no broken tiles in the area that [Powell] fell. Moreover, video surveillance of the incident conclusively shows that [Powell] did not trip on anything. Instead, [Powell] appears unsteady on his feet and he seems to have lost his balance and fell to the ground.
>
> [Powell] has not presented any evidence to refute [the Moving] Defendant[s'] presentation. In his declaration, . . . Powell refers to his own photographs of the area of his fall showing "numerous cracked, broken or otherwise uneven tiles." However, these photographs were not filed as exhibits with the court and no foundation was laid for the admissibility of any photographs.
>
> A party's allegations and conclusory statements are insufficient to create genuine issues of material fact. The mere fact that [Powell] fell on [the Moving] Defendants' property does not permit the trier of fact to draw the inference that the accident was caused by the [the Moving] Defendants' negligence. Moreover, [Powell] has not presented any admissible evidence establishing that any of the [Moving] Defendants had actual or constructive knowledge of any defect or condition in the subject area which posed an unreasonable risk of harm of personal injury.

---

[3] The record reflects that on September 18, 2024, Powell separately filed Exhibit 1, which appears to be a flashdrive containing the photo images referenced in Powell's declaration.

The Circuit Court entered the Order Granting MSJ on October 17, 2024, and the Judgment on October 30, 2024.

On appeal, Powell contends that the Circuit Court erred in entering summary judgment in favor of the Moving Defendants. In particular, Powell contends that: (1) "the Circuit Court abused its discretion by rejecting [Powell]'s high[-]resolution iPhone photos/videos on Exhibit 1 while crediting a blurred, enlarged photocopy of a screen image offered by Defendants"; (2) "Defendants breached their duty of care under Hawaiʻi premises[ ]liability law given evidence of widespread broken tiles" and (3) "[Hawaii Revised Statutes] § 663[-]31 permits recovery notwithstanding any alleged comparative negligence not exceeding 50%."[4/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Powell's contentions as follows, and vacate.

We construe Powell's first two points of error as contending in part that the evidence and materials he presented in opposition to the MSJ created a genuine issue of material fact as to whether alleged broken or damaged tiles fronting the Property caused him to slip and sustain his alleged injuries, precluding judgment as a matter of law.

We review the grant or denial of summary judgment *de novo* using the same standard applied by the trial court. Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is

---

[4/] Powell's opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). In particular, Powell fails to provide: (1) "[a] concise statement of the points of error set forth in separately numbered paragraphs[,]" as required by HRAP Rule 28(b)(4); and (2) a statement of "where in the record the alleged error[s were] objected to or the manner in which the alleged error[s were] brought to the attention of the court," as required by HRAP Rule 28(b)(4)(iii). In addition, Powell's argument is cursive and difficult to discern. HRAP Rule 28(b)(7). Nevertheless, Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004)). We thus address Powell's arguments to the extent discernible.

appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006) (citing Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 244-45, 47 P.3d 348, 359-60 (2002)).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)).

> Where the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the non-moving party-plaintiff
>
> > fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007) (emphases omitted) (quoting Hall v. State, 7 Haw. App. 274, 284, 756 P.2d 1048, 1055 (1988)). Further, a defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the nonmovant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013).

"Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)).

In a negligence action, the plaintiff must prove: "(1) a duty recognized by the law that the defendant owed to the plaintiff; (2) a breach of the duty; (3) that the defendant's breach was the legal cause of the plaintiff's harm; and (4) actual damages." O'Grady v. State, 140 Hawaiʻi 36, 43, 398 P.3d 625, 632 (2017). Here, the Moving Defendants argued in the MSJ that Powell would be unable to prove the duty and causation elements of his negligence claim. They pointed to the video surveillance footage of the Incident, still images taken from the footage, and Umeno's declaration.[5] Based on this evidence, the Moving Defendants argued that Powell would be unable to show that: (a) they knew or should have known of any defect or condition on the Property that posed an unreasonable risk of harm or; (b) their conduct caused, *i.e.*, was a substantial factor in bringing about, Powell's alleged injuries. They satisfied their initial burden on summary judgment.

The burden then shifted to Powell, who submitted his declaration and Exhibit 1 in support of his negligence claim. It is not clear whether the Circuit Court was aware that Exhibit 1 had been filed when it later ruled that "these photographs were not filed as exhibits with the court and no foundation was laid for the admissibility of any photographs."[6] In any event, we

---

[5] Powell does not contend that the video surveillance footage or related stills were inadmissible, just that one unidentified "enlarged photocopy of a screen image" was "blurred" and given "[i]mproper [w]eight." The Circuit Court did not err in considering the video footage and related stills.

[6] Photographs are admissible in evidence when shown to be relevant and when they accurately represent the subject matter they depict. See Hawaiʻi Rules of Evidence Rules 402, 901(b)(1). Here, the Moving Defendants
(continued...)

6

disagree with the Circuit Court's conclusion that "[Powell] has not presented any evidence to refute [the Moving Defendants'] presentation." Powell stated in his declaration that he tripped over damaged tiles as he approached the front entrance of the Property. This testimony directly contradicted the Moving Defendants' assertions that there were no broken tiles in the area of the Incident and that Powell fell for reasons unrelated to the condition of the Property. The supreme court made clear in Nozawa that: (1) under HRCP Rule 56(e), "an affidavit by its nature includes an affiant's own perception of the matter"; (2) "HRCP Rule 56(e) does not preclude an affidavit from being self-serving"; and (3) statements in an affidavit need not be corroborated to raise a dispute as to material fact. Nozawa, 142 Hawaiʻi at 338-39, 418 P.3d at 1194-95.

Applying these principles here, Powell's declaration created a genuine issue of material fact as to whether allegedly broken or damaged tiles fronting the Property caused him to slip and sustain his alleged injuries. Similarly, Powell's statements in his declaration that there were damaged tiles near the front entrance to the Property, and some tiles about 15 feet away were so badly damaged that they were cordoned off, created a genuine issue of material fact as to whether the Moving Defendants knew or should have known of a condition on the Property that posed an unreasonable risk of harm.

The supreme court's recent decision in Bellamy v. City & Cnty. of Honolulu, 158 Hawaiʻi 227, 590 P.3d 871 (2026), supports this result. There, the court affirmed summary judgment in favor of the defendant city and police officers, where "undisputed, unambiguous video evidence," i.e., video and audio files from the officers' body worn cameras, "documented and demonstrated what occurred during the encounter between [the

---

6/ (...continued)
argue in part that Powell's photographs lacked foundation because he did not establish "specific time and place/location of any photographs relative to his alleged trip and fall." We need not decide whether the Circuit Court abused its discretion in concluding that "no foundation was laid for . . . any photographs[,]" as factual allegations in Powell's declaration (see infra) were otherwise sufficient to defeat summary judgment.

police officers] and [the plaintiff]," such that "[the plaintiff's] declaration failed to establish a <u>genuine</u> issue of material fact as to any of [the plaintiff's] claims." <u>Id.</u> at 233, 590 P.3d at 877. The court reasoned that the plaintiff's allegations "had no competent evidentiary basis in light of the . . . video evidence" and "the evidence was not 'reasonably susceptible' of any material inferences in [the plaintiff's] favor that would have established a genuine issue of material fact." <u>Id.</u> at 229, 590 P.3d at 873. The court emphasized that the plaintiff "did not raise any issues with respect to the authenticity, accuracy, or clarity of the video evidence, nor did he assert the recordings were ambiguous, incomplete, or altered in any way." <u>Id.</u> at 228-29, 590 P.3d at 872-73. Indeed, the court stated that "[h]ad [the plaintiff] asserted . . . that a camera angle or lighting affected the accuracy or completeness of the recording, [the plaintiff] would have satisfied his burden to defeat summary judgment, as he would have created a genuine issue of material fact for the jury to decide." <u>Id.</u> at 234, 590 P.3d at 878.

Here, Powell <u>did</u> raise issues regarding the accuracy and clarity of the Moving Defendants' video footage, asserting in his declaration that the video was "from a security camera at least 20 to 50 feet off of the ground[,]" and [t]he photos from [the video] do not show any sufficient clear close ups to tell whether or not a tile or grout is uneven, broken, cracked or missing." In these circumstances, where Powell's declaration asserted that he tripped over broken tiles fronting the Property and challenged the Moving Defendants' video footage, we cannot conclude that the record evidence was not "reasonably susceptible" of an inference that damaged tiles fronting the Property caused him to slip and sustain his alleged injuries. Thus, Powell satisfied his burden to defeat summary judgment, as he created the above genuine issues of material fact. On this record, summary judgment was granted in error.

Given our disposition, we need not reach Powell's remaining contentions.

For the reasons discussed above, the Order Granting MSJ and the Amended Judgment are vacated, and the case is remanded to the Circuit Court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, July 17, 2026.


On the briefs:

Dean Wesley Powell
Self-represented Plaintiff-
Appellant

Wayne J. Katano
(Law Offices of Leslie R. Kop)
for Defendant-Appellee
AOAO Century Square, Hawaiiana
Management Company, Limited,
and Roman Catholic Church in
the State of Hawai'i

Alexander T. MacLaren
(Alexander T. MacLaren AAL,
ALC) and
Jamie A. Chuck
(Jamie A. Chuck AAL, ALC)
for Defendant-Appellee
First Insurance Company of
Hawaii, Ltd.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge